IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| WANDA E. BUCK, | CV 13-55-GF-BMM |
| Plaintiff, | |
| vs. | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This action concerns the decision of Defendant Carolyn Colvin, the acting Commissioner of Social Security (Commissioner), to deny Wanda E. Buck's (Buck) application.

## FACTUAL BACKGROUND

Buck resides in Great Falls, Montana. Doc. 1 at 1. Buck filed an application for disability in January 2010. Tr. at 130-39. She sought to establish a period of disability and disability insurance benefits under the Social Security Act. *Id.*

Buck alleged that her disability began on December 10, 2009. *Id.* The Social Security Administration initially denied Buck's application on April 19,

2010, and again denied it upon reconsideration on July 27, 2010. Tr. at 82, 90-91. Buck requested an administrative hearing. Tr. at 30-79.

The Administrative Law Judge (ALJ) affirmed the Commissioner's denial of Buck's application on January 25, 2012, after a hearing. Tr. at 18-26. Buck appealed to the Social Security Administration Appeals Council (SSAAC). Tr. at 1-3. The SSAAC denied a review in May 2013. *Id.*

Buck sought judicial review of the ALJ's and SSAC's decisions. Buck contended that neither decision accorded with the purpose and intent of the Social Security Act, that neither decision accorded with the law, and that neither decision is supported by the evidence in the record. Doc. 1 at 2. United States Magistrate Judge Keith Strong entered his findings and recommendation on May 15, 2014. Doc. 21.

Judge Strong recommended that the Court deny Buck's motion for summary judgment, Doc. 11, and grant the Commissioner's motion for summary judgment, Doc. 15. Buck objected to Judge Strong's findings and recommendations. Doc. 22. Title 28, Section 636(b)(1) of the United States Code entitles an objecting party to de novo review of the findings and recommendations to which they object. The Court will review for clear error all other findings and recommendations. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

## JURISDICTION

Great Falls, Montana is in Cascade County and lies within the Great Falls Division of the District of Montana. Buck correctly brought suit in this District. 42 U.S.C. § 405(g).

## ANALYSIS

The Court adopts by reference the factual background as enumerated in Judge Strong's findings and recommendations.

Buck makes two objections to Judge Strong's findings and recommendations. Buck objects first to Judge Strong's analysis of "boilerplate language" used by the ALJ in his decision. Doc. 22 at 9. Buck also objects to the standard of review that Judge Strong applied to the ALJ's determinations. *Id.* at 2.

I.     *Boilerplate Language*

Buck contends that this case should be remanded because the ALJ included the following language in his decision:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statement concerning the intensity, persistence and limiting effect of these symptoms are not credible to the extent that they are inconsistent with the above residual functional capacity assessment.
> Doc. 12 at 6 (citing Tr. at 23).

Buck provides no Ninth Circuit authority to support her conclusion that inclusion of this boilerplate language automatically renders invalid an ALJ's decision. Buck relies on the Seventh Circuit's decision in *Bjornson v. Astrue*, 671 F.3d 640, 645-646 (7th Cir. 2012), in which the Court dismissed this boilerplate language as meaningless. *Id.* The Seventh Circuit did not determine, however, that the ALJ's inclusion of this language necessitates remand. *Id.*

The ALJ's analysis would be inadequate if he only relied upon this boilerplate language. The ALJ's inclusion of this language as part of a longer analysis, however, does not render invalid the ALJ's decision.

II.    *Standard of Review*

Judge Strong recognized that the ALJ provided "specific and legitimate" reasons for discrediting Buck rather than "clear and convincing" reasons. Doc. 21 at 11. Judge Strong determined that the ALJ only needed to supply "specific and legitimate" reasons pursuant to the Ninth Circuit's en banc decision in *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991), Doc. 21 at 14. Buck argues that both *Bunnell's* "specific and legitimate" standard and subsequent Ninth Circuit decisions that articulate a "clear and convincing" standard should apply. Doc. 22 at 4-6.

The Ninth Circuit addressed, en banc, in *Bunnell*, 947 F.2d at 345-46, the standard that the ALJ should apply when evaluating a claimant's testimony. The

ALJ must provide reasons "properly supported by the record [and] must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony." (citation omitted). Some subsequent Ninth Circuit decisions admittedly have announced that the ALJ must provide "clear and convincing" reasons when the ALJ determines that a claimant lacks credibility. *See e.g.*, *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996).

The en banc decision controls when a Ninth Circuit decision decided en banc conflicts with a panel decision. *United States v. Camper*, 66 F.3d 229, 232 (9th Cir. 1995). *Bunnell's* standard does not conflict directly, however, with subsequent Ninth Circuit decisions cited by Buck. *Bunnell's* "properly supported" and "sufficiently specific" standard comports with the "clear and convincing" standard of the subsequent Ninth Circuit decisions. Further, the ALJ's reasons to deem Buck's testimony not credible satisfy both the "specific and legitimate" standard and the "clear and convincing" standard.

The ALJ provided three reasons to explain why he discounted Buck's credibility: (1) Buck's interest in returning to work; (2) Buck's daily activities; and (3) Buck's failure to tell her doctor that headaches forced her to lie down two to three days a week. Tr. at 23. Buck underwent neck surgery in October 2009.

Tr. 334-35. The ALJ explained that Buck's pain levels had stabilized a few months after her surgery when she expressed an interest in returning to work. Tr. at 23.

The record supports the ALJ's assessment. Buck reported to Dr. Patrick E. Galvas (Galvas) in May 2010, that her pain had been stable and that she wanted to work part time. Tr. at 410. Dr. Galvas released her to work part time with certain restrictions. Tr. at 409. Buck contacted a mental health center about a part time position in the spring of 2010. Tr. at 409; 59.

Buck's willingness to resume working indicates that her pain had not been so debilitating as to prevent her from continuing to work. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (finding that ALJ properly had discounted claimant's credibility when the claimant had worked and sought other work since claimant's disability onset date). The ALJ assesses whether a claimant is capable of engaging in substantial, gainful employment. *Schneider v. Commr. of Soc. Sec. Admin.*, 223 F.3d 968, 974 (9th Cir. 2000) (citing 42 U.S.C. §1382c(a)(3)(A)-(B)). The fact that Buck had been seeking work after her alleged onset date of December 10, 2009, indicates that she was capable of performing work in some capacity. The ALJ properly considered Buck's efforts to obtain employment when considering her credibility.

The ALJ also can consider the nature of a claimant's daily activities when assessing the claimant's credibility. *Smolen*, 80 F.3d at 1284. The ALJ noted that Buck had engaged in daily activities that included performing household chores, completing puzzles, visiting family, and going to church. Tr. at 23. The ALJ emphasized that Buck had performed these activities despite her claim that she had difficulty using and moving her neck. *Id.*

A claimant need not be "utterly incapacitated" in order to have a disability. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). A person can experience daily pain and still engage in certain daily activities. *Id.* The ALJ did not question whether Buck experienced pain. Tr. at 23. The ALJ questioned, though, whether she experienced pain as debilitating and severe as she had claimed. *Id.*

Buck testified that her neck hurt when she turned it. Tr. at 43-44. She claimed that this pain forced her to hold her neck in a neutral position. *Id.* Buck's performance of chores, her completion of puzzles, her visits to family, and her going to church all involve bending and moving her neck. The ALJ properly noted that Buck's performance of these activities undermined her testimony.

Finally, Buck testified she suffered headaches two to three days a week that were so severe that she had to lie down. Tr. at 23. The ALJ focused on Buck's failure to inform her doctor at the time that these headaches incapacitated her for

two to three days a week. *Id.* The ALJ determined that this omission further undermined Buck's credibility. *Id.*

Buck's medical records do not state specifically that her severe headaches forced her to lie down two to three times a week. Her medical records do reflect, however, that she suffered from severe headaches. *See, e.g.*, Tr. at 425. The ALJ provided an insufficient explanation for why this omission undermined Buck's credibility.

A claimant's production of medical evidence of an underlying impairment that reasonably likely would cause the alleged pain generally proves sufficient. *Bunnell,* 947 F.2d at 347-48. The ALJ cannot discredit a claimant's allegations based solely on the fact that objective medical evidence fails to support the degree of pain alleged by the claimant. *Id.* The ALJ's error proves harmless, however, because the ALJ provided other reasons to explain sufficiently why he questioned Buck's credibility. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1197 (9th Cir.2004) (even if the record does not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error is harmless as long as the ALJ stated other valid reasons).

The Court's review of the entire record demonstrates that the ALJ provided sufficient "specific and legitimate" and "clear and convincing" reasons for why he did not find Buck credible. The ALJ properly supported his reasons with sufficient

specificity to allow the Court to conclude that he did not arbitrarily discredit Buck's testimony. *Bunnell*, 947 F.2d at 345-46. The ALJ properly evaluated Buck's residual functional capacity.

III. *Findings and Recommendations*

The Court reviews for clear error the remainder of Judge Strong's findings and recommendations. *McDonnell*, 656 F.2d at 1313. Clear error exists if the Court's review leaves it with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). No clear error exists in the portions of Judge Strong's findings or recommendations to which Buck did not object.

## CONCLUSION

Judge Strong correctly noted this Court's limited review of a decision of the Commissioner of Social Security. Doc. 21 at 3. Judge Strong also addressed the five-step sequential evaluation process that the Commissioner uses to determine whether a claimant qualifies as disabled. *Id.* at 4-5. Judge Strong concluded that the ALJ based his decision on substantial evidence and that the decision was free of legal error. *Id.* at 17-18. This Court agrees. Therefore,

IT IS HEREBY ORDERED,

1. Buck's motion for summary judgment, Doc. 11, is DENIED;

2. The Commissioner's motion for summary judgment, Doc. 15, is GRANTED;

3. The Clerk shall enter judgment in favor of the defendant, the Commissioner.

DATED this 23rd day of June, 2014.


_____
Brian Morris
United States District Court Judge